**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shonrick Brame, | No.    CV-25-02342-PHX-KML (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Scottsdale, et al., | |
| Defendants. | |

Self-represented Plaintiff Shonrick Brame, who is not in custody, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a non-prisoner Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 3).  On August 6, 2025, Plaintiff filed a Motion for Leave to File Documents Electronically (Doc. 6).

The Court will grant the Application to Proceed, dismiss the Complaint with leave to amend, and deny the Motion.

**I.      Application to Proceed**

In his Application to Proceed, Plaintiff indicates he has insufficient funds to pay the filing fee for this action.  The Court, in its discretion, will grant Plaintiff's Application to Proceed.  Plaintiff will not be required to pay the filing fee for this action.

**II.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

JDDL

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III. Complaint**

In his four-count Complaint, Plaintiff alleges a "42 U.S.C. § 1983" claim, two Fourth Amendment claims for unlawful seizure and excessive force, and a Fourteenth Amendment claim regarding his "deprived liberty without due process." Plaintiff sues the City of Scottsdale, Scottsdale Police Officer M. Bliand, and John Does 1-10, and seeks

monetary damages, his cost of suit, injunctive relief, and "policy review."[1]

Plaintiff's claims stem from an alleged incident that occurred on June 29, 2025, in a public parking lot. Plaintiff asserts that following a confrontation with an aggressive "civilian," he "responded verbally" and "moments later" was physically seized by Scottsdale Police Officers "without warning or lawful cause." Plaintiff alleges he was "thrown to the ground, hog-tied, handcuffed, and choked while sitting on the ground" and that his face was bloodied. Plaintiff claims a "helmet-like device was placed over his head" and that officers "erected a barricade of bicycles to conceal the assault from Plaintiff's companion . . . and other witnesses."

According to Plaintiff, he began "repeatedly assert[ing] his legal rights, including statements such as "'I do not consent'" and "I reserve all rights under UCC 1-308." Plaintiff claims that "no crime was alleged or explained prior to the arrest" and that he was later cited for "Passive Arrest," which he contends is not a valid charge without a lawful arrest. Plaintiff claims he was jailed and released, and later obtained "Internal Affairs Report #2513101, confirming that the incident is under official investigation by the Scottsdale Police Department."

## IV.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-

---

[1] Plaintiff alleges he is "a living man domiciled in California, acting herein in his private capacity and as Authorized Representative of SHONERICK BRAME TRUST." A non-attorney trustee may not represent a trust pro se in an Article III court. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987); *Scott, Tr. of Winona Rd. Tr. u/t/d July 24, 2020 v. MCI Commc'ns Servs., Inc.*, No. 22-35400, 2024 WL 2130597, at *1 (9th Cir. May 13, 2024).

72, 377 (1976).

### A. Defendant City of Scottsdale

Plaintiff's allegations against the City of Scottsdale are insufficient to state a claim. A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that the City of Scottdale maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. As such, the Court will dismiss Defendant City of Scottsdale.

### B. Defendants Bliand and John Does 1-10

Plaintiff has simply made vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. A complaint "does not require 'detailed factual allegations,'" but it must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, a plaintiff must "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice" of the allegations against them. *Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996); *see also Sebastian Brown Prods., LLC v. Muzooka, Inc*., 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2014) ("A plaintiff 'must identify what action each Defendant took that caused

Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (N.D. Cal. 2014) (complaint failed to satisfy Rule 8 where it lacked "facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend."). Courts consistently conclude that a complaint that "lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)).

Thus, the Court will dismiss without prejudice Defendants Bliand and John Does 1-10.

### C. Fourth Amendment Unlawful Seizure Claim

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). In such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion, not probable cause. *Id.* "While reasonable suspicion requires 'considerably less than proof of wrongdoing by a preponderance of the evidence,' an officer must be able to articulate facts creating grounds to suspect that criminal activity 'may be afoot.'" *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)).

Officers may also arrest a person absent an arrest warrant. *See*, *e.g.*, *Atwater v. City of Lago Vista*, 532 U.S. 318, 327, 346-47 (2001) (the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense). Thus, "when an officer has probable cause to believe a person committed even a minor crime in his presence," an arrest is constitutionally reasonable. *Virginia v. Moore*, 553 U.S. 164, 171, 175, 176 (2008) (citing *Atwater*, 532 U.S. at 327, 346-47). "[A] warrantless arrest satisfies the Constitution so long as the officer has 'probable cause to believe that the suspect has committed or is

committing an offense.'" *Virginia*, 553 U.S. at 172 (quoting *Michigan v. DeFellippo*, 443 U.S. 31, 36 (1979)).

Plaintiff's allegations are too vague to state a Fourth Amendment claim for unreasonable seizure. Plaintiff merely asserts that he "responded verbally" following a confrontation with a civilian but does not describe what the confrontation was about and specifically how Plaintiff responded to the civilian. Plaintiff also fails to allege that Defendants lacked probable cause to arrest him for passive resistance or any other crime.[2] Accordingly, the Court will dismiss Count Two.

### D. Fourth Amendment Excessive Force Claim

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). But, the Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . .

---

[2] The Court notes that Plaintiff has several outstanding criminal cases and arrest warrants. In the instant alleged case, Plaintiff was cited in Scottsdale Municipal Court (CR2025010898) with Refusal to Obey Police Officer and Resisting Arrest. Additionally, Arrest warrants were issued for Plaintiff for failing to appear in August 2023 in Phoenix Municipal Court (PX-5777799) after being cited for four counts for Driving Under the Influence and Improper Turn. Lastly, Plaintiff failed to appear in Glendale Municipal Court in June 2024 for two civil offenses: Speeding and No Valid Driver's License. *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx (search "Last/Business Name" for "brame" and "First" for "shonerick") (last visited Oct. 15, 2025).

JDDL

> "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Plaintiff alleges he was thrown to the ground, hogtied, handcuffed, and choked while sitting on the ground. Plaintiff does not sufficiently describe his own actions preceding the use of force, specifically the interactions between him and the civilian, whether Plaintiff posed a threat to anyone, and whether Plaintiff was resisting arrest. Accordingly, Plaintiff fails to state an excessive force claim and the Court will dismiss Count Three.

## V.    Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff elects to file an amended complaint, he should be aware that "sovereign-citizen" claims—of which his complaint bears some of the hallmarks, like suggesting Brame himself is a trust and citing the UCC (Doc. 1 at 1)—have been "consistently and thoroughly rejected by every branch of the government for decades." *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (plaintiff's argument that she was not subject to the tax code because she is an "absolute, freeborn and natural individual" was frivolous and "utterly meritless"); *see also, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' [or] a 'secured-party creditor,' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily[.]"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant's sovereign-citizen argument was "completely without merit" and "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing sovereign-citizen arguments as having "no conceivable validity in American law"); *see also Harrison v. Gunnells*, 9:23-00584-RMG-MHC, 2024 WL 4682522, at \*7 (D.S.C. Sept. 10, 2024) ("Plaintiff cannot claim to be a sovereign independent of governmental authority while simultaneously asking the judicial system to grant him recourse."); *La Vell Harris v. County of Lake*, 20-cv-09329-RMI, 2021 WL 2170138, at \*1

n.1 (N.D. Cal. May 10, 2021) (describing the sovereign citizen ideology as a "highly unusual and thoroughly debunked system of beliefs" that "amount[s] to little more than a series of baseless and senseless conspiracy theories"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars") *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020); *Wirsche v. Bank of Am., N.A.*, No. 7:13-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("[Sovereign citizen] teachings have never worked in a court of law—not a single time.").

## VI. Motion for Leave to File Documents Electronically

In his Motion for Leave to File Documents Electronically, Plaintiff states that he is representing himself and can comply with all of the requirements for electronic filing. However, Plaintiff failed to attach the required registration form. The Court will deny Plaintiff's Motion and give Plaintiff an opportunity to refile the motion and required registration form.[3]

## VII. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of

---

[3] *See* https://www.azd.uscourts.gov/forms/motion-allow-electronic-filing-party-appearing-without-attorney.

the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **granted**.  Plaintiff is not required to pay the filing fees for this action.

(2)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(4)     Plaintiff's Motion for Leave to File Documents Electronically (Doc. 6) is **denied**.

Dated this 20th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge