# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**SHONERICK DESHAWN BRAME**
Plaintiff, Pro Se
c/o 6655 Densmore Ave., Van Nuys, CA 91406
Email: ShonrickBrameTrust@gmail.com

---

SHONERICK DESHAWN BRAME,
Plaintiff,
v.
CITY OF SCOTTSDALE; OFFICER MICHAEL BILAND (#1547); OFFICER DANNY DONOVAN (#1587);
OFFICER ROSS DIETZ (#1654); OFFICER CHRIS MOTIEJUNAS (#1438); SERGEANT MICHAEL CLORE (#1472),
Defendants.

---

Case No.: CV-25-02342-PHX-KML–CDB

**FIRST AMENDED COMPLAINT**
(42 U.S.C. § 1983 – Fourth, Fourteenth Amendment, and Monell Claims)

### I. Jurisdiction and Venue
This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue lies in this District because all acts occurred in Scottsdale, Arizona.

### II. Parties
Plaintiff: Shonerick Deshawn Brame, an individual domiciled in California. Defendants: The City of Scottsdale and individually named Scottsdale Police Department officers, all acting under color of state law and within the scope of their employment.

### III. Factual Allegations
1. On June 29, 2025, at approximately 12:46 a.m., Plaintiff was standing near 4405 N. Saddlebag Trail, Scottsdale, Arizona, with his female companion.

2. Scottsdale Police Department officers had already detained another male individual allegedly involved in an unrelated assault. (Context of scene – Fourth Amendment relevance.)

3. That detained individual began verbally harassing and threatening Plaintiff and his companion, shouting profanity and racial slurs.

4. Plaintiff verbally defended himself and his companion from the harassment but made no physical contact or threats. (Protected Speech – First Amendment.)

5. Officers were not responding to Plaintiff; they had responded to an assault call that had nothing to do with him, as indicated in Scottsdale Police Report #2513101.

6. Without issuing any lawful order or warning, Officer Michael Biland (#1547), who was already standing close to Plaintiff, suddenly turned, forcefully pushed Plaintiff in the chest, and then grabbed

him by the arm, initiating unlawful physical contact without cause or justification. (Unlawful Seizure and Use of Force – Violation of Fourth Amendment; A.R.S. §13-1203 – Assault; A.R.S. §13-1303 – Unlawful Imprisonment; A.R.S. §13-403 – Use of Force Not Justified; 42 U.S.C. §1983.)

7. When Plaintiff objected, saying 'What are y'all doing? You don't have a right to touch me,' Biland delivered double-palm strikes to Plaintiff's upper back and neck. (Excessive Force – Violation of Fourth Amendment; A.R.S. §13-403 – Use of Force Not Justified; 42 U.S.C. §1983.)

8. Officer Danny Donovan (#1587) assisted Biland by grabbing Plaintiff's legs and forcing him prone on the pavement. (Excessive Force – Fourth Amendment; A.R.S. §13-403.)

9. Officer Ross Dietz (#1654) then applied a WRAP restraint device to Plaintiff's legs while Biland maintained a chokehold. (Excessive Force – Fourth Amendment; A.R.S. §13-403; 42 U.S.C. §1983.)

10. Officer Chris Motiejunas (#1438) tightened the restraints and assisted in lifting Plaintiff, who was bleeding from the mouth and gasping for air. (Excessive Force – Fourth Amendment.)

11. Sergeant Michael Clore (#1472) observed, supervised, and approved the continued use of force, failing to intervene. (Supervisory Liability – Fourth and Fourteenth Amendments; 42 U.S.C. §1983.)

12. Video evidence shows Officer Biland choking Plaintiff from behind while handcuffed. (Excessive Force – Fourth Amendment; A.R.S. §13-403; 42 U.S.C. §1983.)

13. Plaintiff was fully restrained and not resisting; any movement was defensive in response to pain and assault. (Due Process Violation – Fourteenth Amendment.)

14. Sgt. Clore then approached Plaintiff's companion, who was recording, demanding that she stop filming and hand over her phone. (First Amendment Violation – Retaliation for Protected Activity; 42 U.S.C. §1983.)

15. Officers positioned themselves to block the camera's view, attempting to obstruct documentation of the assault. (First Amendment Violation – Obstruction of Public Recording; 42 U.S.C. §1983.)

16. The next day, Sgt. Clore called Plaintiff identifying himself as Internal Affairs, falsely claiming orders were given. (Retaliation and Obstruction of Justice – Violation of First and Fourteenth Amendments; 18 U.S.C. §1512(b).)

17. At the hospital, staff filed an Internal Affairs report (Case No. pending), but no investigator contacted Plaintiff despite follow-ups. (Failure to Investigate – Monell Liability – Fourteenth Amendment; 42 U.S.C. §1983.)

### IV. Claims for Relief

COUNT ONE – 42 U.S.C. § 1983 (All Defendants)
Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments.

COUNT TWO – Fourth Amendment (Unlawful Seizure)
Defendants lacked probable cause to seize or arrest Plaintiff, violating his right to be secure in his person against unreasonable seizures.

COUNT THREE – Fourth Amendment (Excessive Force)
Defendants used objectively unreasonable force, including strikes, chokeholds, and full-body restraint, when Plaintiff posed no threat.

COUNT FOUR – Fourteenth Amendment (Due Process Violation)
Defendants' actions deprived Plaintiff of liberty without due process of law.

COUNT FIVE – Municipal Liability (City of Scottsdale)

The City of Scottsdale maintained customs or tolerated patterns of conduct that include:
- The use of excessive force, including chokeholds, against unarmed and restrained citizens;
- Interfering with or obstructing citizens' lawful recordings of police conduct;
- The failure to adequately train, supervise, or discipline officers regarding the use of force, lawful seizure, and citizens' First Amendment rights; and
- The consistent failure to investigate or act on internal-affairs complaints made by victims of police misconduct.

These practices constitute a policy of deliberate indifference to the constitutional rights of citizens, directly causing Plaintiff's injuries.

COUNT SIX – False Imprisonment and Kidnapping under Color of Law (All Individual Defendants)
Defendants unlawfully restrained Plaintiff's liberty without probable cause, warrant, or lawful justification, constituting False Imprisonment (A.R.S. §13-1303) and Kidnapping under Color of Law (A.R.S. §13-1304; Fourth and Fourteenth Amendments; 42 U.S.C. §1983.)

## V. Damages

Plaintiff seeks compensatory damages of $15,000,000, emotional distress damages of $10,000,000, punitive damages as the Court deems just, injunctive relief requiring Scottsdale PD to reform its use-of-force and internal affairs policies, and costs and any further relief the Court deems proper.

## VI. Evidence and Exhibits

Exhibit A – Body-worn and witness video showing Plaintiff handcuffed and choked from behind.
Exhibit B – Witness video documenting the assault and Sgt. Clore's attempt to stop the recording.
Exhibit C – Witness statements describing the use of force.
Exhibit D – Scottsdale Police Report #2513101.
Exhibit E – Hospital-initiated Internal Affairs report (Case No. pending).

Respectfully Submitted,

/s/ Shonerick Deshawn Brame
Shonerick Deshawn Brame, Plaintiff Pro Se
c/o 6655 Densmore Ave., Van Nuys, CA 91406
Email: ShonrickBrameTrust@gmail.com
Date: October 22, 2025